Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 AUG -1 PM 3: 25

CLERK OF COURT
BY _____



# IN THE SUPERIOR COURT OF GUAM

BRANDON AFLAGUE, RAYMOND
AGUON, ALBERT ATOIGUE, KENNY
ATOIGUE, JOHN BELLESTA, WILLIAM
CASTRO, MICHAEL CUASITO, DAVID
CEPEDA, MICHAEL CHARGUALAF,
JOSEPH CRUZ, DELFINO GARCIA,
EDWIN KAULIA, WILLIAM LUJAN,
RAYMOND MANTANONA, JOSEPH
MENDIOLA, MARK MERFALEN, VAN
MURER, JEFFREY NEDEDOG,
FRANKIE PEREZ, ANTHONY
QUINENE, MELVIN QUINENE,
MICHAEL ROBERTO, RANDY SABLAN,
LEWIS SANTOS, DANIEL STONE,
RUDY TAIMANGLO, GEORGE TAYLOR
and CIDY TOVES-CORPUZ

          Petitioners

       vs.

GUAM CIVIL SERVICE COMMISSION,

          Respondent.

_____

A.B. WON PAT INTERNATIONAL
AIRPORT AUTHORITY, GUAM, by and
through its executive Management,
MARY C. TORRES

         Real Party In Interest.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SPECIAL PROCEEDING
CASE NO. SP0152-10


**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 5, 2012 on Real Party in Interest A.B. Won Pat International Airport Authority's ("GIAA")

Motion to Dismiss. Attorney Michael A. Pangelinan represented GIAA. Attorney Jacqueline T. Terlaje represented Petitioners. After a hearing on the matter, the Court took motion under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

This case involves a grievance proceeding initiated by Petitioners, who are twenty-seven firefighters employed by GIAA's Aircraft Rescue and Firefighting Division. The grievance, filed in accordance with GIAA's Personnel Rules and Regulations ("Personnel Rules"), alleges that GIAA's reduction of base work hours from one hundred-twenty hours to one hundred-six hours results in unsafe working conditions and is a violation of the "status quo rule" under the Personnel Rules. Petitioners proceeded through the first four steps of the grievance procedure as outlined by the Personnel Rules: at each step, Petitioners received an adverse determination regarding their grievance. At Step 5, the final step of the grievance process, Petitioner's appealed the adverse decision by the Grievance Review Board to the Civil Service Commission ("CSC"). Following a hearing before the CSC and upon consideration of the information presented, the CSC issued its final judgment and ruling upholding the decision by the Grievance Review Board.

Petitioners, having exhausted the review and appeals process under GIAA's Rules & Regulations, filed the present Petition in the Superior Court of Guam. The Petitioners seek judicial review of the CSC judgment pursuant to the CSC's enabling statute and also pursuant to Guam's Administrative Adjudication Law. GIAA has moved this Court for an order dismissing the action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Guam Rules of Civil Procedure. GIAA argues that Guam law does not allow for judicial review of final CSC decisions relating to

employee grievances. After due consideration of the parties' arguments and applicable law, this Court finds that it has subject matter jurisdiction under Title 4 GCA § 4403(d) to review a final judgment by the CSC relating to an appeal of a grievance complaint filed pursuant to agency rules and regulations, though this review authority is limited.

## DISCUSSION

Plaintiffs seek a judicial order vacating the CSC's final judgment and ordering GIAA to comply with various federal regulations and Guam rules and laws. Petitioners filed their petition pursuant to Title 4 GCA § 4406, which allows for judicial review of CSC adverse action appeals, and also pursuant to Title 5 GCA §§ 9240 and 9241, the provisions of Guam's Administrative Adjudication Law that allow for judicial review of any agency decision by any party adversely affected by the decision.

GIAA moves for dismissal for lack of subject matter jurisdiction under Guam Rule of Civil Procedure 12(b)(1). Subject matter jurisdiction may be raised by a party at any time and when the court finds that it lacks jurisdiction it therefore has no power to hear or determine the case and it must dismiss the action. GRCP 12(h)(3); In re Department of Agriculture v. Civil Service Comm. 2009 Guam 19 ¶ 25 (citing Abelleira v. Dist. Ct. App., 109 P.2d 942, 947 (Ca. 1941)). Whether subject matter jurisdiction exists in this case hinges on whether an employee in the classified service has a right to seek judicial review of a final judgment by the CSC regarding a grievance appeal and whether this Court can grant the relief sought in the Petition. This Court finds that while judicial review is available under Title 4 GCA § 4403(d), such review is limited to determining whether the CSC exceeded its jurisdiction; and as Petitioners have not alleged in their petition that the CSC exceeded its jurisdiction, dismissal is proper.

## A. The Administrative Adjudication Law Does Not Allow for Judicial Review of CSC Decisions

GIAA first contends that Guam's Administrative Adjudication Law ("AAL"), Title 5, Chapter 9 of the Guam Code, does not provide a statutory basis for review of a CSC final decision. The AAL grants broad review authority of agency decisions by allowing for judicial review "of any agency decision by any party affected adversely by it." 5 GUAM CODE ANN. § 9240 (2005). Title 5, section 9241 of the Guam Code describes the process that a party must follow in order to obtain judicial review pursuant to the Administrative Adjudication Law—a process that requires filing a writ of mandate in accordance with the Code of Civil Procedure. 5 GCA § 9241.

When interpreting and applying the CSC's governing statutes, Guam courts have treated judicial review of CSC decisions as a process that is separate and distinct from the review process under the AAL. For instance in Perez v. Judicial Counsel, 2002 Guam 12 ¶ 12, and Carlson v. Perez, 2007 Guam 6 ¶ 65 the Guam Supreme Court confirmed the prior holding of the Guam Appellate Division in Guam Power Authority v. Civil Service Commission, Docket No. CV-87-00072A, 1988 WL 242617 (D. Guam App. Div. Nov. 17, 1988) that the proper manner in which to obtain judicial review of a final CSC decision is by filing a petition for judicial review. The court-created petition for judicial review and its accompanying thirty-day filing deadline are clearly distinct from the statutory review process under the AAL, which allows an employee to file for reconsideration of a decision prior to seeking judicial review, and thereafter requires that an employee file a petition for writ of mandate in accordance with the Code of Civil Procedure. 5 GCA § 9241. Neither the Guam Supreme Court nor the Appellate Division in the above cases even considered whether application of the AAL could apply to fill

the procedural holes imbedded within the statutes governing the CSC. The fact that Guam courts have proceeded in an *ad hoc* manner where necessary to establish procedures for obtaining judicial review of CSC decisions supports GIAA's position that Petitioners here cannot seek review of the CSC's judgment by filing a petition pursuant to the AAL.

Legislative intent also appears to support the premise that judicial review of a CSC decision is not available under the AAL. When interpreting a statute courts must strive "to determine the intent of the legislature and give the statute meaning without altering or amending the statute's scope." In re Request of Gutierrez 2002 Guam 1 ¶ 17 (citing In re Advisory Opinion to the Governor, 504 A.2d 456, 459 (R.I. 1986)). Moreover, "in determining legislative intent, a statute should be read as a whole, and therefore, courts should construe each section in conjunction with other sections." Sumitomo Const., Co., Ltd. v. Gov't of Guam, 2001 Guam 23 ¶ 17. Chapter 4 contains a single provision relating to the applicability of the AAL with respect to the CSC. Title 4, section 4009 provides:

**§4409. Administrative Adjudication Law Applicable.**

> The rules of the [Civil Service] Commission are subject to the Administrative Adjudication Law.

The plain language of this section relates only to the rules of the CSC and does not expressly subject final decisions or judgments of the CSC to judicial review under the AAL. However, in other sections of Chapter 4—sections 4403(d) and 4406—the Legislature did expressly authorize judicial review of CSC decisions.

Notably, though, the Legislature was silent as to the applicable procedure for obtaining such review and there is no mention of the AAL anywhere in the sections relating to judicial review. Had the Legislature intended for the AAL to apply not just to the rules promulgated by the CSC but also to final decisions issued by the CSC, the Legislature could have explicitly stated as much in any of the above-described sections. Alternatively, had the Legislature omitted *all* reference to the AAL within the CSC's enabling legislation, the decisions and rules of the CSC would, undoubtedly, be subject to the AAL as the CSC clearly falls within the category of those agencies to which the AAL applies. The Legislature's enactment of section 4409 without any reference to CSC decisions or judgments under that section and in conjunction with two other provisions addressing judicial review suggest an intent by the Legislature that the AAL apply only to the rules of the CSC and not to judicial review of CSC judgments. C.f. Guam Radio Services, Inc. v. Guam Econ. Dev. Auth., 2000 Guam 1 ¶ 19 ("Generally, courts have interpreted the legislative inclusion of certain entities to the omission of others in any statute as an indication of a legislative intent to omit or not include all other similarly situated entities.").

After considering the applicable statute and case law interpreting those statutes this Court finds that the AAL does not provide a statutory basis for seeking judicial review of a CSC judgment relating to an employee grievance appeal.

**B. Title 4 GCA Allows For Judicial Review of a Final Judgment by the CSC Relating to an Employee Grievance**

Petitioners also invoke Title 4 GCA § 4406 as an alternative basis for jurisdiction. That section specifically allows for judicial review of CSC decisions related to adverse action appeals. Thus, section 4406 simply does not apply to the grievance

complaint at issue in the present case and no subject matter jurisdiction exists under that section of the law. Petitioners do, in fact, concede that on its face section 4406 only applies to adverse actions involving a dismissal, demotion, or suspension. But Petitioners also claim that reading this section not in isolation, but in the context of the entirety of Chapter 4 reveals a clear intent by the Legislature to allow for judicial review of CSC decisions.

Petitioners seek salvation in title 4, section 4403, though this section was not cited in the Petition. The relevant portions of that section provide:

### § 4403. Duties of the Commission.

The Commission has the following duties, powers and responsibilities:

. . .

(b) It *shall* hear appeals from the adverse actions taken to suspend, demote or dismiss an employee from the classified service *if* such right of appeal to the Commission is established in the personnel rules governing the employee . . .

(c) To hear appeals of furloughs, lay-offs, grievance complaints, and Equal Employment Opportunity complaints of an employee from the classified service *if* such right of appeal to the Commission is established in the personnel rules governing the employee. The Commission *shall* adopt rules and procedures for furlough appeals

(d) The Commission may investigate and set aside and declare null and void any personnel action of an employee in the classified service *if* the Commission finds after conducting the necessary investigation that the personnel action was taken in violation of personnel laws or rules; provided, however, that this Section shall *not* be deemed to permit appeals by employees from adverse actions *not* covered in Subsection (b) above. The agency head *shall* cooperate and assist with the Commission's investigation. Prior to declaring any personnel action null and void, the Commission *shall* provide written notice of the alleged violation of the agency head. The agency head *shall* respond within ten (10) calendar days after receipt of the notice to the Commission's proposed action. All actions taken by the Commission

pursuant to this Section *shall* be taken within one hundred eighty (180) calendar days after the personnel action or complaint is filed with the Commission. The Civil Service Commission *shall* submit a copy of its final decision to *I Liheslatura* by the next working day. The Commission *shall* adopt rules and regulations to effectuate this Section, including the requirement of a written complaint to initiate any investigation. <u>The Commission's decision *shall* be final but subject to judicial review</u>

. . .

4 GCA § 4403(d) (ital. in original) (<u>underline</u> added). The plain language of this section clearly allows for judicial review of a CSC decision following an investigation by the CSC of a personnel action or complaint filed by an employee. GIAA argues, however, that even if the grievance complaint in this case constitutes a 'personnel action,'[1]

---

[1] Although the parties did not brief the issue of whether an 'employee grievance complaint' constitutes a personnel action under section 4403(d), in its Reply, GIAA seems to question whether an employee grievance does, in fact, qualify as a "personnel action" under the statute.

Though the phrase 'personnel action' is not defined by Guam statutes, cases, or the applicable personnel rules, this Court finds support for characterizing a grievance complaint as a personnel action. For instance, title 5, section 2302(A) of the United States Code, which applies to merit system employees of a federal executive agency, defines the phrase 'personnel action' as, among other things:

(ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph

. . . [or]

(xi) any other significant change in duties, responsibilities, or working conditions.

5 U.S.C. § 2302(A)(ix), (xi). The Petition here relating to a reduction of work hours raises issues that constitute a personnel action as defined by federal law. And given the apparently broad usage of the term 'personnel action' within Chapter 4, as well as within GIAA's own Rules and Regulations, Rule 6.301(C), this Court finds no support at this time

Decision and Order
Case No. SP0152-10

thereby subjecting such complaints to the procedures outlined by section 4403(d), Petitioners have not alleged that the process followed by the CSC in its review of the Grievance Review Board's decision was carried out pursuant to that section. (GIAA's Reply to Pet'r.'s Opp. to Mot. to Dismiss, 2.) Specifically, GIAA asserts that Petitioners have not alleged that they submitted a written complaint, or that the CSC conducted an investigation, or that the CSC transmitted a final decision to the Legislature as required by section 4403(d); therefore, GIAA asserts that Petitioners are not entitled to judicial review of the CSC decision.

This Court finds that there has been substantial compliance with the required procedures outlined under section 4403(d) so as to allow for judicial review in this case. Subsection (d) essentially imposes two requirements that must be met before the CSC issues a decision: (1) the employee must file a written complaint alleging that the agency personnel action violates applicable personnel rules and regulations; and (2) the CSC must investigate the allegations. All other requirements, such as notice to the agency head and the submission of the CSC's final decision to the Legislature, are effective only if the CSC declares the personnel action null and void: And as the CSC did not declare the action null and void in this case, those requirements simply do not apply. Thus, this Court need only focus on the first two pre-conditions.

With respect to the requirement of a written complaint, this Court finds that by following GIAA's personnel rules and regulations, Petitioners have complied with this condition. GIAA's rules provide that in order to initiate an appeal to the CSC under

for the premise that the employee grievance here does not constitute a 'personnel action' under section 4403(d).

Step 5, an employee must present the grievance "in writing on a form prescribed by the Executive Manager and/or the Commission." Personnel Rules & Regulations 12.901(A)(8)(a). This writing must "contain sufficient details to identify and clarify the basis of the grievance [and] include copies of the grievance forms submitted in Steps 2, 3, and 4." Personnel Rules & Regulations 12.901(A)(8)(b)-(c). As the CSC had not adopted any formal procedures pursuant to section 4403(d) at the time of Petitioners' appeal, this Court finds that the submission of a formal grievance appeal pursuant to the applicable rules is sufficient to constitute the required written complaint.[2] Though the written grievance is not in evidence before this Court, there is no allegation by GIAA that Petitioners did not comply with the appeals process and thus this court presumes that Petitioners filed a proper grievance with the CSC.

---

[2]    As the specific complaint and review process is not well defined under section 4403(d), and given that the CSC has not adopted any rules in accordance with this section, this Court may designate appropriate procedures under title 7, section 7117, which states:

> When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117; see also Carlson v. Perez, 2007 Guam 6 ¶ 65 (acknowledging the courts' development of *ad hoc* procedures relating to judicial review of CSC decisions and recognizing a court's authority under 7 GCA § 7117 to designate such procedures where necessary).

The second requirement—that the CSC investigate the allegations—was fulfilled when the CSC conducted a hearing on the requested appeal. The term 'investigation' is not defined anywhere in Chapter 4 or in the CSC's rules. However, the plain meaning of 'investigate' is "to inquire into (a matter) systematically [or] [t]o make an official inquiry." Black's Law Dictionary, 9th Ed. 902. In the present case it is clear that the CSC held a hearing on Petitioners' grievance appeal at which CSC members considered facts and arguments presented by the parties. As the CSC has not promulgated rules defining what constitutes an investigation under section 4403(d), this Court finds that the appeals hearing qualifies as such under section 4403(d), thereby allowing the CSC to render a final decision. And, as the CSC did not declare the agency action null and void, there is no deficiency of process with respect to the CSC's final decision and judicial review is proper pursuant to section 4403(d).

Even if it were true that the parties did not strictly comply with the legal procedures related to an investigation of a personnel action, this Court still construes section 4403(d) to allow for judicial review under the circumstances presented herein. When interpreting a statute, it is "fundamental that a construction resulting in an absurd and unjust result and *[sic]* [which] would clearly be inconsistent with the purposes and policies of the act in question should be avoided." Villalon v. Hawaiian Rock Products, Inc., 2001 Guam 5 ¶ 24. Applying this principal to the present case leads this Court to conclude that § 4403(d) authorizes judicial review of final CSC decisions relating to grievance appeals.

Applying GIAA's interpretation of the statute, which apparently treats section 4403(d) as prescribing a distinct process from that applied to the grievance complaint

appeal mentioned in section 4403(c), would produce seemingly duplicative and absurd results. Here, under the Personnel Rules & Regulations Petitioners were required to follow a formal grievance process. That process involved, among other things, an investigation of the grievance, a determination by the GIAA Grievance Review Board, and an appeal to the CSC of the Review Board's decision. Under GIAA's interpretation of section 4403(d), those employees who properly initiate a grievance under agency personnel rules and complete each step up to the final adverse judgment by the CSC would then be forced to file a new "complaint" requesting that the CSC conduct a second investigation into the personnel violation and issue a second decision regarding the alleged violation that the CSC already determined had not occurred. To construe the statute in such a way as to condone waste of government resources in furtherance of superfluous process seems an absurd result not intended by the Legislature when it enacted section 4403(d). In contrast, construing the final sentences of section 4403(d) to authorize judicial review of all final decisions of appeals before the CSC when there has already been an investigation by the agency and an adverse determination by the CSC pursuant to applicable personnel rules and regulations gives effect to the clear intent of the legislature to allow for judicial review of final CSC decisions while avoiding unnecessary and repetitive investigations and hearings.

**C. The Relief Sought by Petitioners is Not Available in a Petition for Judicial Review**

GIAA's final argument is that the only standard of review available to an employee seeking judicial review of a final CSC decision is that review proscribed by Title 7 GCA §§ 31101 et seq., which establishes the writ of review. Under this writ, review "cannot be extended further than to determine whether the inferior tribunal,

board, or officer has regularly pursued the authority of such tribunal, board, or officer. 7 GCA § 31108. GIAA therefore contends that because the Petition herein essentially seeks de novo review of any factual and legal determinations by the CSC and GIAA, such review is not proper in a petition for judicial review and the Petition must be dismissed. Although this Court has determined that it may review a final CSC determination regarding an employee grievance, the Court finds that it does not have the authority to grant the relief requested by Petitioners.

The process governing judicial review of a decision by the CSC has developed in an *ad hoc* manner on Guam. See Carlson v. Perez, 2007 Guam 6 ¶¶ 62-64. Where the specific legislation allowing for judicial review of an agency decision is silent with respect to the procedures for obtaining review, courts have invoked their authority under title 7 GCA § 7117 to adopt any necessary procedures to allow the court to exercise its review authority. See Univ. of Guam v. Guam Civil Serv. Comm'n, Docket No. CV-94-00018A, 1995 WL 222212 (D. Guam App. Div. Feb. 10, 1995); Carlson v. Perez, 2007 Guam 6 ¶ 65 (invoking the power under 7 GCA § 7117 to adopt the rule that an appeal of a CSC decision may be had by filing a "Petition for Judicial Review"). Title 7 GCA § 7117 provides:

> When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable processes or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

In the present case, neither case law nor the relevant statutes allowing for judicial review of CSC decisions explicitly proscribed the proper scope or standard of review to applied by the courts on a petition for judicial review. However, as discussed above,

both the Guam Legislature and Guam appellate courts expressly or impliedly rejected application of the judicial review procedures under the AAL and corresponding writ of mandamus, which require a court to determine whether an agency decision is in accordance with the law or is supported by substantial evidence. See 5 GCA § 9241. Therefore, it seems that adoption of a standard of review other than that provided by the writ of mandamus would be proper.

In Farnum v. Guam Civil Serv. Comm'n, Special Proceeding Case No. SP0215-09, Decision and Order (Jan. 9, 2012), this Court, upon recognizing the procedural silence relating to a petition for judicial review, determined that when presented with such a petition the Court would apply the statutory process governing the writ of review. At least one other Guam Superior Court Judge has adopted a similar position. In Rosario v. Civil Serv. Comm'n, Special Proceeding Case No. SP0148-11, Decision and Order (Mar. 21, 2012) Judge Barcinas considered whether, on a petition for judicial review, the court had authority to review the CSC's factual determinations. Judge Barcinas, also noting the procedural silence within the CSC's statutes, invoked the court's authority under title 7 GCA § 7117 to adopt necessary procedures. After a cogent analysis contrasting and the purpose and extent of review under both a writ of review and a writ of mandate, Judge Barcinas ultimately ruled that the procedures governing the writ of review were best suited to accomplish the goals of judicial review of a decision by an inferior tribunal such as the CSC. Id. p. 4, lines 12-28. And as the extent of review under the writ of review is limited to determining whether the inferior tribunal exceeded its jurisdiction or regularly pursued its authority, the court ruled

that it had no authority to grant the petitioner's requested relief and therefore dismissed the petition. Id. p.11.

This Court finds no compelling reason to deviate from its treatment of the petition for judicial review in Farnum, and reaffirms its ruling in that case that the procedures governing the writ of review apply to a petition for judicial review of a final CSC decision.

Having determined that procedures governing the writ of review apply to the present Petition, the Court must now address whether it may appropriately entertain the Petition. Title 7 GCA § 31108 establishes the scope of review that is available pursuant to the writ of review. That section states:

> § 31108. Extent of Review.
>
> The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer.

7 GCA § 31108. The Petition here alleges that the CSC's decision is not in accordance with the law and is not supported by substantial evidence. Moreover, based on these allegations, Petitioners request that this court vacate the CSC's decision, order GIAA to comply with various laws, and order payment of back-wages and compensation to Petitioners. (Pet. for Judicial Rev., p. 3-4) Thus, Petitioners essentially request a *de novo* determination of law and fact, a reversal of the decisions by the CSC and GIAA Grievance Board, and legal damages. While such relief is consistent with administrative mandamus under the AAL, this relief is simply not available under a writ of review. See DCK Pacific Guam, LLC v. Morrison, 2010 Guam 16 ¶ 14 (stating that a petition should be characterized by the relief requested within a petition rather

Decision and Order
Case No. SP0152-10

than the title assigned to the petition). As this Court cannot grant relief requested by Petitioners pursuant to the present writ, the Petition must be dismissed.

## CONCLUSION

Based on the foregoing, the Court finds that while it may judicially review a grievance complaint under Title 4 GCA § 4403(d), the Court lacks jurisdiction to grant the relief requested by Petitioners. The Court ORDERS the following:

1. That the Petition be DISMISSED without prejudice.

2. As it may be possible for Petitioners to amend their petition to request proper relief, Petitioners are granted leave to amend. Should Petitioners choose to amend the Petition, the amended Petition must be filed within thirty days of issuance of this Decision and Order.

3. Petitioner's alternative request that the Court treat the Petition as a complaint for declaratory and injunctive relief is denied. Such relief is properly requested by filing a civil complaint against the government and this Court declines to entertain such requests in relation to the present Petition.

It is **SO ORDERED** this 1st day of August, 2012.

**ORIGINAL**

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

AUG 1 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam